**558**

the judge of probate, and the execution of bond as per statute, vest the circuit court with jurisdiction as on appeal."

The same authority would seem to preclude the trial of any issue in the circuit court as to irregularity of the petition presented to the judge of probate upon which he acted in granting the writ. As a matter of fact, the order issued by the probate judge is not in its strictest sense a writ of certiorari, although so designated by statute, but is an extension of the time of appeal from judgments of justices of the peace supervised by judges of probate, and when such order has been issued and the required bond is given, the case is effectually transferred to the circuit court, to be there tried as if the appeal provided for had been perfected within the five days allowed by statute.

■ Moreover, the plaintiff moved in the circuit court for leave to amend the complaint by adding count 4, which was done. This was a waiver of any irregularity in process of removal of the case from the justice to the circuit court.

The court erred in granting plaintiff's motion to quash and dismiss the certiorari and the granting of a writ of procedendo to the justice court.

■ The writ having been ordered by the judge of probate, the clerk of the circuit court properly issued the order from that court to the justice of the peace to send up the record. Straughn v. Brake, 197 Ala. 683, 73 So. 371.

The judgment is reversed and the cause is remanded.

Reversed and remanded.

Powell & Powell, of Hartselle, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

SAMFORD, Judge.

The indictment charged assault to murder and on the trial the defendant was convicted of assault with a weapon.

■ The conviction of the misdemeanor eliminated all of the rulings relating solely to the felony charge, and hence we do not pass upon any of them.

■ As to the judgment based upon the charge of assault with a weapon, we have examined the record before us. There is no error of a reversible nature. The trial was fair and ably presented. The question was for the jury and the judgment is affirmed.

Affirmed.

163 So. 466

**STEPHENSON v. STATE.**

8 Div. 196.

Court of Appeals of Alabama.
June 25, 1935.

Rehearing Denied Oct. 8, 1935.

163 So. 821

**MANN v. STATE.**

4 Div. 133.

Court of Appeals of Alabama.

Oct. 29, 1935.

